DECISION
Okey Burns filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its order denying him permanent total disability ("PTD") compensation and which compels the commission to enter a new order granting the compensation.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which includes a recommendation that we deny the requested relief. (Attached as Appendix A.)
Counsel for Mr. Burns has filed objections to the magistrate's decision. Counsel for the commission has filed a memorandum in response. The case is now before the court for a full, independent review.
Okey Burns was injured on at least five occasions between 1985 and 1998. He was employed by the city of Conneaut for over twenty years as a heavy equipment operator. Before his employment with Conneaut, he was a press operator for four years. He served in the U.S. Army. He also worked as a mechanic in the early 1970's.
Mr. Burns is now fifty-eight years old. He is no longer physically capable of heavy work due in large part to injuries to his back. The question before the commission and the question before this court is whether or not Mr. Burns can be trained to do new job skills consistent with his numerous medical restrictions.
Mr. Burns completed only the eighth grade of his formal education. When he was asked in his application for PTD compensation if he could read, write or do basic math, he checked the box marked "no" for each question.
The findings of Stephen A. Kushnick, Ph.D., support Mr. Burns's answers. Dr. Kushnick found Mr. Burns to have a full scale IQ of 78. Dr. Kushnick also reported that Mr. Burns was capable only of on-the-job training.
The staff hearing officer ("SHO") who entered the order denying PTD compensation for Mr. Burns made short work of the functional illiteracy of Mr. Burns and of Mr. Burns's educational limitations. The SHO wrote:
 The Staff Hearing Officer notes that the claimant only has an eighth grade education, but that his work experience indicates that he has no impairment as far as learning is concerned.
How a twenty-year history of mowing grass, cutting up trees, plowing roads and patching potholes demonstrates no learning impairment is not explained. Instead, the SHO blamed Mr. Burns for not seeking more formal education after he stopped working at age fifty-five.
The SHO ended his order denying PTD compensation with the following:
 The Hearing Officer finds that, since the claimant has no learning disability, his failure to continue his education and find employment within the restrictions placed on him by Dr. Rosenberg, and Dr. DeChellis precludes him from being permanently totally disabled.
Thereafter, relator filed the instant mandamus action in this court.
Because we find no evidentiary basis for the SHO's findings about Mr. Burns's learning disability, and because the finding of no learning disability was clearly key to the SHO's denial of PTD compensation, we sustain the objections to the magistrate's decision and grant a limited writ of mandamus.
We find no indication that the SHO considered Dr. Kushnick's report. Since the existence of Mr. Burns's learning disability and ability to acquire new job skills were central to deciding the merits of the application, the report needed to be listed and considered. See State ex rel. Fultz v. Indus. Comm. (1994), 69 Ohio St.3d 327.
The SHO mentioned in his order some of the findings of Michael Kleen, Ph.D. Dr. Klein found Mr. Burns to function at a first grade level as to math and language. Dr. Klein acknowledged that Mr. Burns might be functionally illiterate. Thus, Dr. Klein's report is not some evidence that Mr. Burns lacks a learning disability.
We, therefore, adopt the findings of fact set forth in the magistrate's decision, supplemented with the additional findings set forth above. We do not adopt the conclusions of law contained in the magistrate's decision. As a result, we grant a limited writ of mandamus which compels the commission to vacate its order denying PTD compensation for Mr. Burns, which compels the commission to further consider the merits of the application and which compels the commission to fully consider the evidence before it and to enter a new order reflecting that full consideration.
Objections sustained; limited writ granted.
LAZARUS, J., concur.
DESHLER, J., dissents.